IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SAMUEL JAMES, 20937-424,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | Case No. 25-cv-1624-DWD |
| D. RAV, ) | |
| C/O HITES, ) | |
| JOHN DOE 1, ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM AND ORDER</u>

**DUGAN, District Judge:**

Plaintiff Samuel James, a former inmate[1] of the Federal Bureau of Prisons (BOP), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at the Federal Correctional Center in Greenville, Illinois (FCI Greenville). (Doc. 1). Plaintiff alleges that the Defendants violated his rights by failing to protect him and using excessive force against him. (Doc. 1). Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must

---

[1] Plaintiff signed his complaint on August 6, 2025, and transmitted it to the Court while he was still an inmate, but he explained in the complaint that he was soon to be released, and he thus also provided a mailing address for a non-prison address. Because Plaintiff was incarcerated when he mailed his pleading, it will be treated as a case filed by an inmate. (Doc. 1 at 15).

be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that on January 23, 2025, he sought protective custody from Defendant D. Rau. (Doc. 1 at 13). Rau ordered him to return to his housing unit, but he refused because he feared for his life. He alleges that "these other 2 c/o's" then took him by his arms in an attempt to physically escort him back to his housing unit. He claims in his factual narrative that he refused and was thrown to the ground and physically assaulted. (Doc. 1 at 14). He was then placed in leg and wrist restraints and was taken to the medical unit for assessment. On the way to the medical unit, a non-party officer commented that Plaintiff had "an assault on his staff." Plaintiff claims video footage will substantiate his claims. (Doc. 1 at 14). Plaintiff seeks 17 million dollars in compensation. (Doc. 1 at 16).

Plaintiff also included administrative remedy forms with his complaint, as well as disciplinary documents related to the events on January 23, 2025. The report by a discipline hearing officer indicated that Plaintiff stated that when he refused to go to his housing unit he "planted [his] feet, and we fell to the ground. Then they slammed my face in the dirt." (Doc. 1 at 21). By contrast, staff who witnessed the event reported that Plaintiff "pulled away from staff, planted his feet and attempted to strike staff. Due to [Plaintiff] displaying signs of imminent violence and attempt to assault staff, [Plaintiff] was placed on the ground with the amount of force necessary to regain control and

prevent injury." (*Id.*).  The report further indicated no inmate injuries were reported, and staff had minor injuries.  Additionally, in Plaintiff's own administrative remedy form, he stated that when he refused to return to the housing unit he "collapsed to the ground and they fell on top me and slammed my face in the ground."  (Doc. 1 at 9).

## Analysis

As a federal inmate, any claim Plaintiff attempts to bring against individual prison employees for violations of his constitutional rights is construed under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) (allowing suits against federal employees for violations of constitutional rights).  The Supreme Court's decision in *Bivens* "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right."  *Carlson v. Green*, 446 U.S. 14, 18 (1980).  The commonly accepted *Bivens* claims are those for: excessive force in violation of the Fourth Amendment; violation of the Fifth Amendment right to due process; and, violation of the Eighth Amendment via deliberate indifference to a serious medical need.  See *Bivens*, 403 U.S. 388; *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment Due Process damage remedy for gender-based termination of female government employee); *Carlson*, 446 U.S. 14 (Eighth Amendment deliberate indifference claim allowed regarding deceased inmate's asthma care regime).  The Supreme Court has recently emphasized the narrow bounds of claims for damages against the federal government that can proceed under the guise of *Bivens*.  *See e.g. Hernandez v. Mesa*, 140 S.Ct. 735 (2020) (discussing the very narrow acceptance of

newly recognized categories of *Bivens* claims); *Ziglar v. Abbasi*, 137 S.C.t 1843 (2017) (same).

In *Egbert v. Boule*, 596 U.S. 482 (2022), the United States Supreme Court made clear that further expansion of this implied damages remedy is considered a strongly disfavored judicial activity. *Egbert*, 596 U.S. at 491-92. Therefore, a district court presented with a *Bivens*-type claim must determine whether the claim differs in a meaningful way from those claims recognized in *Bivens, Passman*, or *Carlson*, and, if so, consider whether "special factors" counsel against expansion of the remedy into a new context absent congressional action. *Id.*; *Ziglar*, 582 U.S. at 139-40. This inquiry often hinges on a single question: whether there is any reason to think that the federal courts are arguably less equipped than Congress to create a damages remedy. *Egbert*, 596 U.S. at 491-92; *Goldey v. Fields*, 606 U.S. 942, 944 (2025).

Here, Plaintiff suggests an Eighth Amendment violation for excessive force, but this claim fails for two key reasons. First, the Supreme Court just held in June that a federal inmate cannot maintain an Eighth Amendment excessive force claim against prison staff because it presents a new *Bivens* context. *Goldey v. Fields*, 145 S.Ct. 2613, 2615 (2025). Thus, under *Egbert* Plaintiff's claim is also within a new context and cannot proceed. Second, in the factual narrative, Plaintiff does not draw a link between the named defendants and the use of force. Instead, he just generically says 2 c/o's attempted to move him, but he does not say who the c/o's were. If a defendant is named in the caption of a case, but no claim is presented against that defendant in the body text, the claim may be dismissed without prejudice as to that defendant. *See Black v. Lane*, 22 F.3d

1395, 1401 n. 8 (7th Cir. 1994) (it is appropriate to dismiss a defendant if he is named, but there is no sufficient allegation of personal involvement). Defendants C/O Hites and John Doe C/O were named in the caption and nowhere else. At most, the Court found mention of Hites in the attached exhibits, but this is not enough to describe his personal role or to make out plausible Eighth Amendment *Bivens* claims. Thus, the allegations against Hites and John are insufficient to proceed as presently pled.

As for Defendant Rau, Plaintiff faults Rau for failing to protect him from a threat posed by other inmates by denying him protective custody. As mentioned above, the Supreme Court has emphasized how narrow the bounds of *Bivens* in recent years. Along these lines, in *Sargeant v. Barfield,* the Seventh Circuit held in 2023 that an Eighth Amendment failure to protect claim by a federal inmate against a prison employee presented a new context, and was not a claim eligible to proceed. 87 F.4th 358 (7th Cir. 2023). Bound by *Sargeant*, Plaintiff's claim against Rau falls within a new context and cannot proceed under *Bivens.*

Based on the foregoing analysis, the Court concludes that Plaintiff's complaint is insufficient to state a claim. Generally, the Court affords a pro se litigant at least one opportunity to amend his pleading, but here there is no amendment of the facts alleged that could possibly lead to a viable claim under *Sargeant* and *Goldey*. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (a district court may deny leave to amend where an amendment would be futile). At present, there is no valid claim that Plaintiff could plead in this *Bivens* lawsuit related to the facts he has described, so any amendment

would be futile. Therefore, no leave to amend will be granted. This dismissal constitutes a strike under 28 U.S.C. § 1915(g).

## Motion for Recruitment of Counsel (Doc. 3)

In addition to filing the complaint, Plaintiff also filed a Motion for Recruitment of Counsel (Doc. 3). There is no right to the appointment of counsel in civil matters. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). The first inquiry "requires the indigent litigant to reasonably attempt to get a lawyer." *Thomas v. Wardell*, 951 F.3d 854, 859 (7th Cir. 2020). Determining whether a plaintiff has made reasonable efforts to recruit counsel himself "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021).

Here, Plaintiff did not supply proof that he made his own attempts to recruit counsel, so his motion must be denied. *Eagan*, 987 F.3d at 682. He alleged that at the time of filing he was in the Special Housing Unit (SHU) and had limited access to all resources, but did not explain why this prevented him from seeking his own counsel. Additionally, his request for counsel would fail at this juncture even at the second step. He also indicated that he had some college education but does not have a legal education and had very limited law library access at the time he filed his complaint. Plaintiff's complaint was clear and easy to follow. His complaint fails for the more basic reason that recovery

is not available on the theories presented. The appointment of counsel would not alter the fact that recent precedent has foreclosed *Bivens* claims of the nature presented in this case. Accordingly, Plaintiff's Motion (Doc. 3) will be denied.

### Disposition

Plaintiff's Complaint (Doc. 1) is dismissed with prejudice for failure to state a claim. His Motion for Recruitment of Counsel (Doc. 3) is **DENIED**, and his Motion to Proceed In Forma Pauperis (Doc. 2) is **DENIED** as **MOOT**. The Clerk of Court shall **CLOSE** this case and enter judgment accordingly.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: October 16, 2025   /s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge